UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARK MORRIS,<br><br>　　　　　　　　　　　　Plaintiff(s),<br><br>　　　v.<br><br>GEICO INSURANCE AGENCY, INC.,<br><br>　　　　　　　　　　　　Defendant(s). | Case No. 2:20-CV-764 JCM (EJY)<br><br>ORDER |

　　　　Presently before the court is plaintiff Mark Morris's ("Morris") motion to remand to state court.  (ECF No. 7).  Defendant GEICO Casualty Company ("GEICO") filed a response.  (ECF No. 10).  Morris did not reply, and the time to do so has passed.

**I.    Background**

　　　　This action arises from Morris's automobile insurance claim against his insurer, GEICO. (ECF No. 1-1).  Morris alleges that in October 2018, he was injured in a motor vehicular collision on the public streets of Clark County, Nevada, because of the negligence of an underinsured driver who crashed into Morris's vehicle causing damages in excess of $2,782.17. *Id*. at 3.  As a result of the collision, Morris alleges he suffered serious bodily injuries causing him to incur medical bills exceeding $60,277.46.  *Id*.  The driver of the vehicle that struck Morris accepted liability and tendered his $25,000 policy limit.  *Id*.

　　　　Morris further alleges that at the time of the collision, he had an automobile insurance policy with GEICO, which provided underinsured motorist ("UIM") insurance coverage up to $50,000.  *Id*.  Because the driver was underinsured, Morris made a claim for UIM benefits.  *Id*. at 4.  After conducting an evaluation of Morris's medical bills, GEICO offered him $15,408.46 "from [Morris's] paid for policy of underinsurance coverage.  *Id*.

**James C. Mahan**
**U.S. District Judge**

On March 30, 2020, Morris initiated this action in state court, alleging five causes of action: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) tortious breach of the implied covenant of good faith and fair dealing, (4) bad faith, and (5) unfair trade practices. *Id*. at 5–9.

On April 28, 2020, GEICO removed this action to federal court asserting diversity jurisdiction. (ECF No. 1). Now, Morris moves to remand this case to state court. (ECF No. 7).

## II.     Legal Standard

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Upon notice of removability, a defendant has thirty days to remove a case to federal court once he knows or should have known that the case was removable. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)). Defendants are not charged with notice of removability "until they've received a paper that gives them enough information to remove." *Id.* at 1251.

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

## III.    Discussion

For a United States district court to have diversity jurisdiction under 28 U.S.C. § 1332, the parties must be completely diverse and the amount in controversy must exceed $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1098 (9th Cir. 2003). "In determining the amount in controversy, courts first look

**James C. Mahan**
**U.S. District Judge**

- 2 -

to the complaint. Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Ibarra v. Manheim Invests., Inc*. 775 F.3d 1193, 1197 (9th Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

Here, the parties do not dispute that removal was timely. Further, the parties do not dispute that there is complete diversity of citizenship. Morris is a Nevada resident. (ECF No. 1-1 at 2). GEICO is incorporated and headquartered in Maryland. (ECF No. 1 at 2). Thus, the only issue before the court is the amount in controversy.

District courts may also consider the amount of compensatory and punitive damages recoverable based on the plaintiff's complaint as well as attorneys' fees. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) ("Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees."); *see also Gibson v. Chrysler Corp*., 261 F.3d 927, 945 (9th Cir. 2001); *Dawson v. Richmond Am. Homes of Nevada, Inc.*, 2:12–CV–01563–MMD, 2013 WL 1405338 (D. Nev. Apr. 5, 2013). This remains true even if the amount of such damages is initially unascertainable. *Hill v. Blind Indus. & Servs. of Maryland*, 179 F.3d 754, 757 (9th Cir. 1999) (explaining that if the pleadings sufficiently invoke diversity jurisdiction, a district court is not divested of jurisdiction if the "amount in controversy subsequently drops below the minimum jurisdictional level."); *see also St. Paul Mercury Indemn. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90 (1938) ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.").

In his complaint, Morris states he seeks general damages "in an amount in excess of $15,000.00, but less than $75,000.00." (ECF No. 1-1 at 9). Although he has not explicitly conceded that he seeks damages in excess of $75,000, Morris also seeks to recover special damages for "medical and miscellaneous expenses as of this date, plus future medical expenses and the miscellaneous expenses incidental thereto . . . ," lost wages and/or diminution of the earning capacity, possible future loss of earnings, punitive damages, and attorney's fees. *Id*. at 9–10. According to Morris, his past medical damages amounted to $60,277.46 (ECF No. 1-1 at 3), and he expects future medical expenses related to this action to total $24,522 (ECF No. 1-4 at

**James C. Mahan**
**U.S. District Judge**

2). Morris failed to include these past and future medical expenses when he stated that he seeks damages in an amount "less than $75,000" (ECF No. 1-1 at 9).

Morris also did not consider the potential punitive damages that may be recoverable in this suit because, by his estimation, "the mere possibility of a punitive damage award is not sufficient to prove that the amount in controversy has been met." (ECF No. 7 at 6). However, "[i]t is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson*, 261 F.3d at 945. Further, Nevada state law authorizes an award of punitive damages against an insurer "who acts in bad faith regarding its obligations to provide insurance coverage." NRS 42.005(2)(b). This is especially relevant here because Morris alleges that GEICO acted in bad faith in handling his insurance claim by, *inter alia*, delaying payment, offering less than the claim is worth, and trying to mislead the policyholder about what the policy covers. (ECF No. 1-1 at 7–8).

If Morris intended to disclaim any recovery in excess of $75,000, remand is appropriate. But Morris did not clearly do so. Accordingly, in light of Morris's prayer for attorney's fees, damages for past and future medical expenses, and punitive damages, it is more likely than not that the amount in controversy in this action exceeds $75,000. The court denies Morris's motion.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to remand to state court (ECF No. 7) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that plaintiff may file, within 14 days of this order, a notice with the court disclaiming any recovery in excess of $75,000. If plaintiff files such a notice, the court will remand this action.

DATED July 10, 2020.

                                                                              /s/ James C. Mahan
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -