UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARK MORRIS, an individual,<br><br>     Plaintiff,<br><br>v.<br><br>GEICO INSURANCE AGENCY, INC., d/b/a GEICO CASUALTY COMPANY, a Foreign Corporation; DOE EMPLOYEES I-V and ROE COMPANIES I-V,<br><br>     Defendants. | Case No. 2:20-cv-00764-JCM-EJY<br><br>**ORDER** |

Before the Court is Defendant GEICO Casualty Company's Motion to Seal Motion for Partial Summary and/or Motion to Bifurcate Plaintiff's Extracontractual Causes of Action Pursuant to Local Rule IA 10-5. ECF No. 18. No opposition to this Motion was filed by Plaintiff.

As the party seeking to seal a judicial record, Defendant must meet its burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). The private interest in protecting personal data identifiers, including "home addresses, financial account numbers, [and] phone numbers," may outweigh the public interest in disclosure. *Fed. Trade Comm'n v. Consumer Def.*, Case No. 2:18-cv-00030-JCM-PAL, 2018 WL 3997260, at \*3 (D. Nev. Aug. 21, 2018). Notwithstanding, any request to seal documents must be "narrowly tailored" to remove from the public sphere only the material that warrants secrecy. *Florence v. Cenlar Fed. Savings & Loan*, Case No. 2:16-cv-00587-GMN-NJK, 2017 WL 1078637, at \*2 (D. Nev. Mar. 20, 2017) (internal citations omitted). Accordingly, "[t]o the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents." *Aevoe Corp. v. AE Tech. Co.*, No. 2:12-CV-00053-GMN, 2013 WL 6210648, at \*1 (D. Nev. Nov. 27, 2013) (internal citation omitted).

The Court has considered Defendant's Motion to Seal and the information sought to be sealed. Exhibits D and H, which Defendant did not attach as separate documents, contain Plaintiff's full Social Security Number, mailing address, phone number, and date of birth. The public disclosure of the personal identification information at issue may lead to improper use. However, the Court finds the confidential information can easily be redacted. To that end, Defendant has already filed an amended version of its Motion for Partial Summary and/or Motion to Bifurcate Plaintiff's Extracontractual Causes of Action, with only Plaintiff's confidential information redacted. ECF No. 19.

Accordingly,

IT IS HEREBY ORDERED that Defendant GEICO Casualty Company's Motion to Seal Motion for Partial Summary and/or Motion to Bifurcate Plaintiff's Extracontractual Causes of Action Pursuant to Local Rule IA 10-5 (ECF No. 18) is GRANTED.

IT IS FURTHER ORDERED that Defendant's unredacted Motion for Partial Summary and/or Motion to Bifurcate Plaintiff's Extracontractual Causes of Action (ECF No. 17) shall remain sealed.

IT IS FURTHER ORDERED that Defendant's redacted Amended Motion for Partial Summary and/or Motion to Bifurcate Plaintiff's Extracontractual Causes of Action (ECF No. 19) shall remain on the public docket.

DATED THIS 16th day of September, 2020.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE