UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARK MORRIS, | Case No. 2:20-CV-764 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| GEICO INSURANCE AGENCY, INC., | |
| Defendant(s). | |

Presently before the court is defendant GEICO Insurance Agency, Inc., d/b/a GEICO Casualty Company's ("Geico") amended motion for partial summary judgment. (ECF Nos. 17, 19).[1] Plaintiff Mark Morris responded in opposition (ECF No. 21) to which Geico replied (ECF No. 22).

## I.   BACKGROUND

This is an action against an insurer, Geico, for allegedly mishandling an underinsured/uninsured motorist claim. Morris's vehicle was struck by a non-party driver ("the collision"), causing Morris serious bodily injury requiring ongoing treatment, and property damage. (ECF No. 1 at 3, ¶¶ 9–11). The non-party driver immediately tendered to Morris his full policy limit of $25,000. (*Id.* at ¶ 13).

At the time of the collision, Morris was insured by Geico and maintained a $50,000 per person and $100,000 per accident UM/UIM policy limit. (ECF No. 19 at 3). Morris sent Geico a demand letter for his full policy limit, claiming $60,277.46 in incurred medical expenses and $24,522 in future medical expenses from the collision. (ECF No. 21 at 15). In

---

[1] Geico files two identical motions for summary judgment, an unredacted version under seal at ECF No. 17, and a redacted version at ECF No. 19.

**James C. Mahan**
**U.S. District Judge**

response, Geico requested an independent medical examination ("IME") of Morris, an in-person statement, and five years of prior medical records. (ECF No. 19 at 72).

Dr. Brandon Snead, a "board-certified physical medicine and rehabilitation physician," conducted the IME. (ECF No. 19 at 3). Dr. Snead concluded that only some of Morris's injuries and treatment were causally related to the collision, and that Morris had "reached maximum medical improvement." (*Id.* at 5). Thereafter, Geico advised Morris that his claim was only worth $15,408.46, for which he was already compensated by the non-party driver's policy. (*Id.* at 78).

Despite further correspondence, Morris and Geico were unable to reach an agreement regarding the claim amount. (ECF No. 1 at 2). Morris filed suit on March 30, 2020, alleging five claims for relief: (1) breach of contract; (2) contractual breach of the implied covenant of good faith and fair dealing; (3) tortious breach of the implied covenant of good faith and fair dealing; (4) bad faith; and (5) unfair trade practices under NRS 686A.310. (ECF No. 1 at 5–8).

Geico now moves for partial summary judgment on claims two through five of Morris's complaint (the "extracontractual" claims). (ECF No. 19 at 21). In the alternative, Geico moves to bifurcate claim one from the extracontractual claims during the trial phase. (*Id.* at 16). Morris now requests relief under Federal Rule of Civil Procedure 56(d), claiming that Geico moved for summary judgment before there was time for discovery. (ECF No. 21 at 9).

## II.  LEGAL STANDARD

Rule 56(a) allows a party may move for summary judgment twenty days after the commencement of the action. *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv.*, 323 F.3d 767, 773 (9th Cir. 2003). Summary judgment is proper when the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."[2] FED. R. CIV. P. 56(a). The purpose of summary

---

[2] The court can consider information in an inadmissible form at summary judgment if the information itself would be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. City of Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001) ("To survive summary

James C. Mahan
U.S. District Judge

- 2 -

judgment is "to isolate and dispose of factually unsupported claims or defenses," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986), and to avoid unnecessary trials on undisputed facts. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

When the nonmoving party bears the burden of proof on a claim or defense, the moving party must "either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of [proof] at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

If the moving party satisfies its initial burden, the burden then shifts to the party opposing summary judgment to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). An issue is "genuine" if there is an adequate evidentiary basis on which a reasonable factfinder could find for the nonmoving party and a fact is "material" if it could affect the outcome under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

The opposing party does not have to conclusively establish an issue of material fact in its favor. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). But it must go beyond the pleadings and designate "specific facts" in the evidentiary record that show "there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. In other words, the opposing party must show that a judge or jury has to resolve the parties' differing versions of the truth. *T.W. Elec. Serv.*, 809 F.2d at 630.

The court must view all facts and draw all inferences in the light most favorable to the nonmoving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990); *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). The court's role is not to weigh the evidence but to determine whether a genuine dispute exists for trial. *Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the

judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56.")).

nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

However, if the nonmoving party, by declaration or affidavit, shows that it cannot present facts essential to justify its opposition without additional discovery, the court may deny or continue the motion for summary judgment to allow time for discovery. FED. R. CIV. P. 56(d).  Although Rule 56(d) requests should be freely granted when a summary judgment motion is filed before a party has had any realistic opportunity to pursue discovery, *Burlington N. Santa Fe. R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv.*, 323 F.3d 767, 773 (9th Cir. 2003) (citations omitted), "there is no bright-line rule based on the timing of the summary judgment motion," *Martinez v. Columbia Sportswear USA Corp.*, 553 F. App'x 760, 761 (9th Cir. 2014).

Denial of Rule 56(d) relief is still appropriate when discovery would be futile, regardless of the temporal proximity between the motion for summary judgment and start of discovery.  *See e.g.*, *Burlington*, 323 F.3d at 774.; *Campbell*, 138 F.3d at 789–90 ("[Denial of Rule 56(d) relief] is proper where it is clear that the evidence sought is almost certainly nonexistent or is the object of pure speculation." (quoting *Terrell*, 935 F.2d at 1018)).

### III. DISCUSSION

The allegation at the heart of Morris's complaint is that Geico knowingly retained a "defense biased medical provider" (Dr. Snead) to conduct the IME to deny Morris's $60,277.46 claim.  (ECF No. 1 at 4, ¶¶ 20–24).  Geico denies that the IME was knowingly biased in their favor and avers that there is a genuine dispute only as to the appropriate claim amount, and therefore judgment is appropriate as a matter of law on Morris's extracontractual claims.  (ECF No. 19 at 11–12).

The court agrees and finds that discovery would be futile for Morris's opposition. Therefore, consistent with the following, the court GRANTS Geico's motion for partial

**James C. Mahan**
**U.S. District Judge**

- 4 -

summary judgment on claims two, three, and four.  Additionally, the court DISMISSES, without prejudice, Morris's fifth claim for lack of subject-matter jurisdiction.[3]

### a. Morris's second, third, and fourth claims are dismissed

Morris's second, third, and fourth extracontractual claims include (2) contractual breach of the implied covenant of good faith and fair dealing; (3) tortious breach of the implied covenant of good faith and fair dealing; and (4) bad faith.  (ECF No. 1 at 5–8).

Nevada recognizes a cause of action in tort for the breach of an implied covenant of good faith and fair dealing between insurers and their insured.  *U.S. Fidelity v. Peterson*, 540 P.2d 1070, 1071 (Nev. 1975) ("The duty violated arises not from the terms of the insurance contract but is a duty imposed by law, the violation of which is a tort."); *Allstate Ins. Co. v. Miller*, 212 P.3d 318, 308 (Nev. 2009) ("The law, not the insurance contract, imposes this covenant on insurers.").  It is this breach of the implied covenant that *gives rise* to a "bad-faith" tort claim.  *See, e.g.*, *Miller*, 212 P.3d at 308; *Am. Excess Ins. Co. v. MGM*, 729 P.2d 1352, 1354–55 (Nev. 1986).  Thus, claims two, three, and four are requests for relief from the same bad faith conduct and amount to a single claim; bad faith tort.

"Bad faith is established where the insurer acts unreasonably and with knowledge that there is no reasonable basis for its conduct." *See Dogra v. Liberty Mut. Fire Ins. Co.*, No. 2:14-cv-01841-GMN-GWF, 2017 WL 4158607, at *5 (D. Nev. Sept. 19, 2017) (quoting *American Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 729 P.2d 1352, 1354–55 (1986)).  In other words, bad faith is the knowing and unreasonable denial of a claim.[4]

Thus, to prevail on his bad faith tort claim, Morris must prove that (1) Geico denied his claim, (2) without any reasonable basis, and (3) Geico was aware of the lack of any reasonable basis for their denial or recklessly disregarded the unreasonableness of their denial.  *See Am. Excess Ins. Co.*, 729 P.2d at 1354.

---

[3] As the extracontractual claims are no longer before the court, the court need not determine whether to grant GEICO's request in the alternative to bifurcate the claims.

[4] To be clear, bad faith does not concern "the *manner* in which an insurer handles the insured's claim," that issue is addressed by Nevada statute, which the court discusses in Part C. *Pioneer Chlor Alkali Co.*, 863 F.Supp. at 1243.

James C. Mahan
U.S. District Judge

- 5 -

When a genuine dispute arises as to causation of the insured's injuries, the court can find as a matter of law that there was a reasonable basis for denying the insured's claim. *See Pioneer Chlor Alkali Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania*, 863 F. Supp. 1237, 1247 (D. Nev. 1994); *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 669 (9th Cir. 2003) (holding that a bad faith claim should be dismissed on summary judgment if the defendant demonstrates that there was a genuine dispute as to coverage).

Morris's primary argument that no genuine dispute as to causation exists is that Dr. Snead's IME was "biased," "rigged," and "artificially engineered" towards a "predetermined result." (ECF No 21 at 10–11). However, Morris fails to point to any "specific facts" in the evidentiary record that would support these accusations. *Celotex*, 477 U.S. at 324. The court cannot justifiably conclude that Dr. Snead "artificially engineered" the IME result when there is not even colorable evidence to support the accusation.[5]

Morris additionally argues that no genuine issue of material fact exists because the medical professionals who treated him concluded that his injuries were caused by the collision. (*Id.* at 10). To the contrary, the fact that Morris's medical professionals came to a different conclusion regarding the causation of some of Morris's injuries than Dr. Snead shows a genuine dispute as to causation. *Cf. Pioneer Chlor Alkali Co.*, 863 F. Supp. At 1247 ("[D]etermination of the proximate cause of [an insured's loss] is a question for the trier of fact . . . ."); *Rose v. Miss Pac., LLC*, No. 3:09-CV-00306-ST, 2012 WL 75028, at *8 (D. Or. Jan. 10, 2012) ("[D]ifferent expert opinions clearly create a [genuine issue of material fact] concerning causation . . . .").

Morris has failed to meet its burden in opposition of Geico's partial summary judgment motion. Geico is entitled to judgment as a matter of law because there is a genuine dispute as to the causation of some of Morris's injuries. Accordingly, Geico's motion for partial summary judgment as to Morris's second, third, and fourth claims is GRANTED.

---

[5] Based on his curriculum vitae, Dr. Snead is currently employed by the Las Vegas Golden Knights and Touro University Nevada College of Osteopathic Medicine. (ECF No. 19 at 75). There is no evidence to suggest that Dr. Snead is biased in favor of Geico, or that Dr. Snead is employed by Geico for the purposes of rigging IME results in its favor.

**James C. Mahan**
**U.S. District Judge**

### b. Morris's 56(d) request

The court may deny or continue Geico's motion for summary judgment to allow time for discovery if Morris shows, by declaration or affidavit, that he cannot present facts essential to justify his opposition without additional discovery. FED. R. CIV. P. 56(d).

Failure to comply with these requirements "is a proper ground for denying discovery and proceeding to summary judgment." *Id.* (quoting *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir.1986)). Additionally, the Ninth Circuit has consistently held that Rule 56(d) requests may be denied when the evidence sought is the object of pure speculation. *Id.* at 779–80; *Terrel v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991) ("Denial of a Rule [56(d)] application is proper where it is clear that the evidence sought is almost certainly nonexistent or is the object of pure speculation."); *Martinez*, 553 Fed.Appx. at 761 (9th Cir. 2014).

Thus, Morris must show that: (1) he has set forth, in affidavit or declaration form, the specific facts he hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment. *Cal. on behalf of Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir.1998).

Morris sets forth, in a declaration, that summary judgment is premature because Morris requires time to discover facts supporting Dr. Snead's "inherent bias." (ECF No. 21 at 3). Yet, Morris fails to show that the "facts sought exist," and failure to comply with this requirement is sufficient ground for denying 56(d) relief. (*See* ECF No. 21 at 3–4); *see also Campbell*, 138 F.3d at 779; *Allen v. United States*, No. 03-cv-01358-DAE-RJJ, 2012 WL 5497887, at *8 (D. Nev. Nov. 13, 2012) ("The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists." (quoting *Chance v. Pac–Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir.2001)).

Further, it is entirely speculative that Dr. Snead is so biased in favor of Geico that he fabricated the results of the IME, and the court will not endorse a fishing expedition. *See Painsolvers, Inc. v. State Farm Mut. Auto. Ins. Co.*, 732 F.Supp.2d 1107, 1125

**James C. Mahan**
**U.S. District Judge**

- 7 -

(D.Haw.2010) ("Rule [56(d) ] is not a license for a fishing expedition in the hopes that [a party] might find facts to support its claims.").

Accordingly, Morris's request for 56(d) relief is DENIED.

### c. Morris's fifth claim

Morris's fifth claim against Geico for unfair trade practices is brought under NEV. REV. STAT. § 686A.310. (ECF No. 1 at 8). However, NEV. REV. STAT § 686A.015 gives exclusive jurisdiction of any claims arising under 686A.310 to the commissioner of the Nevada Department of Insurance ("NDOI"). *Allstate Ins. Co. v. Thorpe*, 170 P.3d 989, 994 (Nev. 2007). Accordingly, Morris must exhaust all administrative remedies with the NDOI before his claim under the Insurance Code becomes ripe. *E.g.*, *Thorpe*, 170 P.3d at 993–94; *Nevada Power Co. v. Eighth Jud. Dist. Ct. of Nevada ex rel. Cty. of Clark*, 102 P.3d 578, 586 (Nev. 2004); *Yoon v. Travelers Indem. Co.*, No. 20-cv-1507-JCM, 2021 WL 1968279, at *3 (D. Nev. May 17, 2021). Morris provides no evidence showing that he exhausted all administrative remedies before bringing this claim.

While Geico does not argue that Morris lacks subject-matter jurisdiction to bring a claim under NEV. REV. STAT. § 686A.015, "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of an action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

Accordingly, because Morris has not pled that he has exhausted all his administrative remedies, his fifth claim for relief is DISMISSED for lack of subject matter jurisdiction.

### IV. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Geico's motion for partial summary judgment (ECF No. 19) be, and the same hereby is, GRANTED as to Morris's second, third, and fourth claims for (2) contractual breach of the implied covenant of good faith and fair dealing; (3) tortious breach of the implied covenant of good faith and

**James C. Mahan**
**U.S. District Judge**

- 8 -

fair dealing; and (4) bad faith.  The court will enter summary judgment on all those claims in favor of Geico.

IT IS FURTHER ORDERED that Morris's fifth claim for (5) unfair trade practices under NEV. REV. STAT. § 686A.310 is DISMISSED without prejudice.

The only claim remaining is Morris's first claim of relief for breach of contract.

IT IS FURTHER ORDERED that this case is REFERRED to Magistrate Judge Weksler for a mandatory settlement conference under LR 16-5.

DATED September 27, 2021.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 9 -